IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM ROSADO and YOUCEF AOUTTI, on behalf of himself and all other plaintiffs similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. |
| v. | )<br>) |
| | ) *F.R.C.P. 23 Class Action Demand* |
| FLEET COURIER, INC. and STRYKER CORPORATION, | )<br>) |
| Defendants. | ) |

COMPLAINT

NOW COMES Plaintiffs, WILLIAM ROSADO and YOUCEF AOUTTI, on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorney, RICHARD J. MILLER OF THE MILLER LAW FIRM, P.C. and for their Complaint against Defendants, FLEET COURIER, INC. and STRYKER CORPORATION and other unknown Defendants to be identified via discovery, states as follows:

I     NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1, et *seq.*

II.     JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367.

1

Venue lies in the Northern District of Illinois in that Plaintiffs are residents of this district and Defendants are engaged in business in this district.

III.    PARTIES

3.    Plaintiffs, WILLIAM ROSADO and YOUCEF AOUTTI, are employees of Fleet that were misclassified as independent contractors delivering trays of surgical instruments and other medical equipment for STRYKER CORPORATION.

4.    Defendant, FLEET COURIER, INC. (hereinafter "Fleet") is a medical courier service transporting trays of surgical instruments and other medical equipment for orthopedic surgeries to hospitals in Michigan, Illinois Wisconsin, Ohio and Indiana.

5.    Defendant, STRYKER CORPORATION (herein "Stryker") is one of the world's leading medical technology companies that provides surgical instruments and other medical equipment for orthopedic surgeries to hospitals all around the Chicagoland and the United States. As such, all Defendants' services qualify as enterprises engaged in commerce as defined by the FLSA in that various medical equipment utilized by all Defendants have passed through intrastate commerce.

6.    During all relevant times, all Defendants described above, known and unknown, were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and, therefore, as joint employers under the Act were and are "employers" of all the workers for Fleet, as defined under both the federal and state statutes relied upon, and as such are jointly and severally liable for the unpaid wages and other relief sought.

7.    In order to deliver surgical instruments and other medical equipment to multiple hospitals serviced by Stryker, Defendant Stryker employs the services of Fleet on a contract basis and, in turn employ Plaintiffs and members of the Plaintiff Class, and in turn designate members of the Plaintiff

2

Class as independent contractors, denying said Plaintiff and members of the Plaintiff Class overtime compensation for hours in excess of 40 in a workweek as well as other employment benefits.

8. In support of their collective allegations that Stryker and Fleet were and are joint employers of Plaintiffs and the Plaintiff Class herein, Plaintiffs state as follows:

(a) At all times relevant, Defendant Stryker was acting in the direct interest of Fleet, and the Plaintiff Class employed by them and Fleet was acting in the interest of Stryker in delivering surgical instruments and other medical equipment referenced above, in that:

i) Fleet herein, and in turn, the employee Plaintiffs of each exclusively receives work orders and direction from Stryker.

ii) Fleet herein, and in turn the employee Plaintiffs of each, perform identical duties as do employees of Stryker and Fleet and Stryker are engaged in the same industry and core business;

iii) all customers serviced by Fleet are first Stryker customers and Fleet's only point of contact with the public is through the customers they are directed to by Stryker;

iv) an unknown number of the Plaintiff Class possess and display picture identification that identifies them as being associated with, among other companies, Stryker;

v) members of the Plaintiff Class take orders during the course of the day from Stryker employees and when needing technical assistance or authorization, the Plaintiff Class is required to contact Stryker for same;

vi) Stryker provides to Fleet the equipment and supplies necessary to carry out the daily services to the Stryker's customers; and

vii) The services and function of Stryker and Fleet, are otherwise completely associated with each and the other.

3

b.) all employees of all Defendant Companies, through the common nucleus of Defendant Stryker, are so completely associated that each assert and bestow common control upon the employees and share said employees for the common benefit of each.

## IV. CLASS ALLEGATIONS

### Fair Labor Standards Act

9. Pursuant to the Fair Labor Standards Act, 29 U. S.C. §216(b), Count I of this action is maintained by the named Plaintiffs as an opt-in representative action, for and on behalf of themselves and other Plaintiffs similarly situated, who have been or will in the future be damaged by all Defendants' collective and joint failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq.* Count II alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

10. Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 *et seq.,* Count V of this action is brought by the named Plaintiffs as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for and on behalf of all persons similarly situated. The class represented by Plaintiff consists of all persons who have been or will be employed by any or all Defendants, known and unknown, designated as and working as independent contractors delivering Stryker medical instruments, on or after the date three (3) years prior to the filing of this action.

### Illinois Wage Payment and Collection Act

11. Pursuant to Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 *et seq.,* Count VI of this action is brought by the Plaintiffs as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for and on behalf of all persons similarly situated. The class represented by Plaintiffs consist of all persons who have been or will be employed by any or

4

all Defendants, known and unknown, working as independent contractors delivering Stryker medical instruments working on or after the date five (5) years prior to the filing of this action.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

12. The named Plaintiffs and all other members of the Plaintiff Class, known and unknown, at all times pertinent to the cause of action, were or are employed by all Defendants, known and unknown, said employment being integral and indispensable to all Defendants' business.

13. All Defendants, known and unknown, have both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiffs for hours in excess of 40 in a work week, without pay for those hours over forty (40) at a rate of time and one-half their regular hourly rate, pursuant to the requirements of the federal and state statutes herein relied upon.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-13. Paragraphs 1 through 13 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 13 of this Count I.

14. Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, the named Plaintiffs and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

15. All Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiffs herein, and all other Plaintiffs similarly situated, known and unknown, at the rate of one and one-half their regular hourly wage rate for hours worked over forty (40) in a work week, all as required by the F.L.S.A.

5

WHEREFORE, the named Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-13. Paragraphs 1 through 13 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 13 of Count II.

14. All Defendants, known and unknown, have both in the past and presently, willfully failed to pay the named Plaintiffs and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal to one-half times their regular rate of pay, despite the fact that all Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act.

15. All Defendants continue a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act.

16 Pursuant to the Fair Labor Standards Act, Plaintiffs, and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times her

6

regular rate of pay for all the hours worked in excess of forty (40) in any given week in three (3) years preceding the filing of this complaint.

WHEREFORE, the named Plaintiffs on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

**(a)** awarding back pay equal to the amount of all unpaid overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

**(b)** awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

**(c)** awarding Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

**(d)** for such additional relief as the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES

### UNDER THE FAIR LABOR STANDARDS ACT

1-13. Paragraphs 1 through 13 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 13 of Count III.

14. In denying the named Plaintiffs and members of the Plaintiff Class compensation at a rate of one and one-half for hours worked over forty (40) in a workweek, each Defendant's acts were not based upon good faith or reasonable grounds.

15. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, the named Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

(a)  awarding liquidated damages equal to the amount of all unpaid overtime compensation;

(b)  awarding Plaintiffs reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)  for such additional relief as the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE COURT CLAIM

## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-13. Paragraphs 1 through 13 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 13 of this Count IV.

14. The Illinois Minimum Wage Law provides one and one half times the regular rate of pay must be paid to employees who work more than 40 hours in a workweek

15. As joint employers of Plaintiffs and other persons who have performed work for the benefit of all Defendants, all Defendants are jointly and severally liable for the failure to pay overtime wages to employees as complained of herein.

16. During a portion of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an employee under the law, shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 5% of the amount of such underpayments for each month following the date of payment during which such underpayments remain unpaid.

17. Defendants' failure to pay the overtime wages as described has been willful and/or in bad faith.

WHEREFORE, the named Plaintiffs requests this Court to enter an Order:

(a)　declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)　awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c)　this Court retain jurisdiction of the case until such time as it is assured that Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)　this Court order Defendants to pay to Plaintiff reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e)　this Court approve this action to proceed pursuant to the provisions of F.R.C.P. 23.

f)　this Court award whatever additional relief it deems just and appropriate under the circumstances.

## COUNT V

## SUPPLEMENTAL STATE COURT CLAIM

## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-13 Paragraphs 1 through 13 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs I through 13 of this Count V.

14.　The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties. . . . ". Payment to separated employees is termed "final compensation" and defined as "wages., salaries, earned commissions, earned bonuses. . . .and

any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties".

15. At all times relevant there existed an agreement between Plaintiffs; members of the Plaintiff class, and all Defendants that Defendants' compensation policies would comply with state and federal law. Defendants have breached that agreement in that Defendants' compensation policies violate wage and hour provisions of both state and federal law.

16. The Illinois Wage Payment and Collection Act, Section 4 provides that every employer shall pay "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned".

17. The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.

18. Defendants' acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned overtime wages to Plaintiff and the Plaintiff class, constitutes a violation of the Illinois *Wage* Payment and Collection Act.

WHEREFORE, the named Plaintiffs requests this Court to enter an Order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

Plaintiff further requests that:

(c)     this Court retain jurisdiction of the case until such time as it is assured that Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     this Court order Defendants to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e)     this Court approve this action to proceed pursuant to the provisions of F.R.C.P. 23

(f)     this Court award whatever additional relief it deems just and appropriate under the circumstances.

Respectfully submitted,

Dated: September 22, 2021

By:     *s/ Richard J. Miller*

Richard J. Miller.
THE MILLER LAW FIRM, P.C.
1051 Perimeter Drive, Suite 400
Schaumburg, IL 60173
T: 847-995-1205
F: 847-995-1203

*One of the Attorneys For Plaintiffs*
*William Rosado and Youcef Aoutti*