IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ROSADO and YOUCEF AOUTTI, on behalf of himself [sic] and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 1:21-cv-05022 |
| FLEET COURIER, INC. and STRYKER CORPORATION, | ) ) ) | Honorable Sara L. Ellis |
| Defendants. | ) ) ) | Magistrate Judge Sheila M. Finnegan |

**THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiffs, William Rosado and Youcef Aoutti ("Plaintiffs"), and Defendants, Fleet Courier, Inc. and Stryker Corporation ("Defendants"), by and through their attorneys, respectfully move this Court to approve their confidential settlement. The Parties respectfully submit that the terms of the settlement are fair, reasonable and resolve a *bona fide* dispute between them. In support of their motion the Parties state as follows:

1. On September 22, 2021, Plaintiffs filed a Complaint against Defendants alleging that they owed unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), and the Illinois Minimum Wage Law ("IMWL"). Dkt. 1. Plaintiffs' lawsuit is based on his allegations that Plaintiffs were misclassified as independent contractors and were not paid overtime. Defendants deny Plaintiffs' allegations.

2. After engaging in extensive discovery which included the production of thousands of pages of time and payment records, the Parties have been engaged in arm's-length settlement negotiations for the past several months, and the Parties have now reached a settlement of Plaintiffs' claims.

3. Prior to reaching a settlement, counsel for Plaintiffs and Defendants have conducted thorough investigations into the merits of the potential claims, exchanged information and analyzed the defenses to Plaintiffs' claims and the damages to which Plaintiffs may be entitled if they prevail. Therefore, the Parties have sufficient information to agree to a settlement.

4. In the Seventh Circuit, settlements of FLSA claims must be approved by a Court of competent jurisdiction. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001); *see also Cheeks v. Freeport Pancake House, Inc.*, 496 F.3d 199 (2d Cir. 2015). A plaintiff may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *See e.g. Lynn's Food Stores, Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id*. at 1353, 1355. If a settlement in a FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

5. As explained, the settlement was reached after extensive discovery and after negotiations between the Parties. Therefore, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness). Should this matter have continued, the Parties would have proceeded with additional oral discovery, potentially filed dispositive motions and/or a trial. This litigation could have

lasted well into 2023. If Plaintiffs prevailed on their claims, Defendants would be faced with the prospect of a verdict against them and the obligation to pay attorneys' fees and costs. If Defendants prevailed, Plaintiffs faced dismissal of their claims and no recovery.

6. Although denominated as a collective or class action in the Amended Complaint, there has been no class or collective action certified here and this settlement only relates to the named Plaintiffs.

7. Based upon the foregoing, the Parties request that this Court review their Settlement Agreement, approve the same and dismiss this lawsuit with prejudice. In accordance with the Court's August 25, 2022 order [Dkt #25], a copy of the Settlement Agreement was filed under seal as Exhibit 1 to this Motion.

WHEREFORE, The Parties respectfully request that the Court: (1) grant the Motion; (2) enter the Proposed Order or an Order substantially similar to it in which the Court approves of the Settlement Agreement; (3) dismiss Plaintiffs' Complaint and all other claims with prejudice and each party to bear their own fees and costs (except as provided in the Settlement Agreement); and (4) any other relief that the Court deems appropriate.

Dated: August 25, 2022                             Respectfully submitted,

By: /s/ Richard J. Miller
Richard J. Miller
The Miller Law Firm, P.C.
1051 Perimeter Drive, Suite 400
Schaumburg, IL 60173
(847) 995-1205
richard.miller@millerlawfirm.org

Attorney for Plaintiffs

By:  /s/ Jeffrey S. Fowler
Jeffrey S. Fowler (6205689)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
jfowler@lanermuchin.com

Attorney for Defendants

**CERTIFICATE OF SERVICE**

    I, Jeffrey S. Fowler, an attorney, hereby certify that on August 25, 2022, I caused a copy of the foregoing **Motion**, in the above-captioned matter to be served upon counsel for Plaintiffs by email, and by depositing it into the U.S. mail at 515 North State Street, Suite 2800, Chicago, Illinois, 60654, first-class postage prepaid, addressed to:

        Richard J. Miller.
        The Miller Law Firm, P.C.
        1051 Perimeter Drive, Suite 400
        Schaumburg, IL 60173
        (847) 995-1205
        richard.miller@millerlawfirm.org

        /s/ Jeffrey S. Fowler